UNITED STATES DISTRICT COURT
for the DISTRICT OF MASSACHUSETTS

HUDSON DE SOUZA AREDES,
    Petitioner,

No. 22

v.

GESSICA APARECIDA PEREIRA AREDES,
    Respondent.

# VERIFIED COMPLAINT FOR
# RETURN OF MINOR CHILD TO BRAZIL
# PURSUANT TO THE APPLICABLE HAGUE CONVENTION and
# FEDERAL LAW, and other associated relief

## 1.0   JURISDICTION AND VENUE.

1.1   <u>Jurisdiction</u> is based on the **Convention on the Civil Aspects of International Child Abduction** (hereafter **Convention**) (**Exhibit 1**), done at the Hague on 25 October 1980, effective in these United States on July 1, 1988 as published in the Federal Register, Vol. 53, No. 122, Friday, June 24, 1988, p. 23843.[FN1] The Petitioner also asks this Honorable Court to take Judicial Notice of the

---

[1] The objects of the Convention are:
Article 1(a) to secure the prompt return of child wrongfully removed to or retained in any Contracting State; and
Article 1(b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.
Article 3 provides that the removal or the retention of a child is to be considered wrongful where -- "(a) it is in <u>breach of rights of custody</u> attributed to a person ... under the law of the State in which the child was habitually resident immediately before the removal or retention;" and "(b) at the time of the removal or retention <u>those rights were actually exercised</u> either jointly or alone, or would have been so exercised but for the removal or retention." (Emphasis supplied).

"**Analysis of Hague Convention,**" prepared by the U.S. State Department (**Exhibit 2**).

1.2   Both the USA and Brazil have been signatories (Contracting States) to the Convention at all relevant times.

1.3   <u>Jurisdiction</u> is also based on the **International Child Abduction Remedies Act** (hereafter **ICARA**), 42 U.S.C. 11601, 11603(a) (**Exhibit 3**),[FN2] which establishes procedures for implementation of the Convention in the United States. ICARA states at §11601:

> (b)(1)   It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.
>
> (b)(2)   The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.
>
> ***
>
> (b)(4)   The Convention and this chapter empower the court in the United States to determine <u>only rights under the Convention and not the merits of any underlying child custody claims.</u> (Emphasis added).

---

[2] The **International Parental Kidnapping Crime Act** (IPKCA), 18 U.S.C. 1204 (1993) makes it a federal felony to remove a child from the USA or to retain a child (who has been in this country) outside the USA with intent to obstruct the lawful exercise of parental rights, it does not pertain to a parent bringing a child into the USA and retaining the child here against the language of a clear order from another country which gives a parent in that other country parental rights. However, the core values enunciated by IPKCA are clearly applicable to the case at bar.

1.4     The Petitioner asks this Honorable Court to take Judicial Notice of the **ICARA Regulations**, 22 CFR Part 94 - International Child Abduction (**Exhibit 4**).

1.5     As described in detail below, the parties' child was wrongfully removed from her habitual residence in Cuparaque, Brazil on Friday, March 4, 2022 under false pretenses. Respondent/Wife, Gessica Aparecida Pereira ("Respondent"), represented to the Petitioner that she was traveling to Brasilia-DF with the child to obtain a visitor visa so they could travel to Disney World in Florida, USA. Petitioner consented to the issuance of a visitor visa for the child to enable a vacation to Disney in the near future. However, Respondent did not return home the next day with the child as planned. On March 8, 2022, Petitioner was informed through communication with the federal police that Respondent traveled by airplane with the child from Sao Paulo, Brazil to Mexico, where she crossed the border into the USA illegally. Respondent's father currently lives in Medford, Massachusetts.

1.6     Petitioner's uncle lives in Revere, Massachusetts. Petitioner's uncle contacted Respondent to request to visit his niece and attempt to facilitate the return of the child to the Petitioner in Brazil. The Respondent permitted one visit but thereafter refused to return, refused further contact and continues to withhold the child in Massachusetts wrongfully and illegally.

1.7     Petitioner subsequently began the process of seeking the return of the

child, pursuant to the Convention, by reaching out to the Central Authority in Brazil, through which he submitted a request for return under article 8 of the **Convention** (**Exhibit 5**). The Central Authority in Brazil eventually put him in touch with the United States Central Authority. Petitioner has engaged your undersigned counsel to assist with his return efforts.

1.8     After the Petitioner filed his Petition in Brazil, Respondent subsequently sought relief in Brazil falsely claiming a history of domestic abuse against Petitioner. The Brazilian Court denied her request for relief, found there was no evidence of abuse, indicated Respondent was abusing the Court system and requested an investigation to take place related to her false claims. **(Exhibit 6)**.

1.9     Because the Respondent continues to wrongfully retain the parties' child in Massachusetts, today, May 4, 2022, the Petitioner is herewith filing this civil action, seeking a return of the child to Brazil and other associated relief.

1.10    The Petitioner's actions, as described in ¶ 1.7, are sufficient to comply with the Convention's one-year jurisdictional requirement.

1.11    Before the parties' child was wrongfully removed from Brazil and retained in the United States, Petitioner was exercising his rights to custody. Since the date the child was born through March 4, 2022 when the child was wrongfully removed, the child lived full time in Brazil with Petitioner and Respondent, who

remain legally married. When the Parties separated in November, 2021, the child commenced sharing time with each parent, albeit, spending more time with Petitioner because he is a self-employed farmer and the child can be with him when she is not in school whereas Respondent is employed as a social worker outside the home.

1.11   Venue is based on the presence of the child in this District at 53 Washington Street, Apartment 8, Medford, Massachusetts 02155-4761 as of the commencement of this action.

## 2.0   SUMMARY OF RELIEF REQUESTED.

2.1   This complaint seeks the immediate return to Brazil of the parties' minor child, **MPA** who was born in Brazil on July XX, 2016 to the Petitioner and Respondent and is now age 5 (hereafter referred to as **CHILD** or **MPA**) **(Exhibit 7)**. MPA was wrongfully removed from Brazil by the Respondent and taken by the Respondent to this District and thereafter wrongfully retained in this District by the Respondent.

2.2   This complaint asks this court to not take plenary or subject matter jurisdiction over issues of child custody, visitation or support, but jurisdiction only for the purpose of entering of: (a) an order the child be returned to Brazil, which is the child's habitual residence; and (b) all necessary collateral orders.

### 3.0 PARTIES.

3.1 The Petitioner, **HUDSON DE SOUZA AREDES** (hereafter **FATHER**), now age 35[FN3] was born in Brazil and has lived his entire life in Brazil. **FATHER'S** address is Rua Raimundo Maciel 02 - Centro, Cuparaque/MG, CEP: 35246-000.

3.2 The Respondent, **GESSICA APARECIDA FERREIRA AREDES** (hereafter **MOTHER**), now age 29, was born in Brazil and lived her entire life in Brazil until she left Brazil on March 4, 2022. **MOTHER'S** address prior to her wrongful removal of the child from Brazil was Rua Raimundo Maciel 02 - Centro, Cuparaque/MG, CEP: 35246-000. Upon information and belief, **MOTHER** is currently living with her Father at 53 Washington Street, Apartment 8, Medford, MA 02155-4761.

### 4.0 FACTUAL BACKGROUND.

4.1 The parties were married on October 24, 2011 **(Exhibit 8)**. The parties have lived in Brazil continuously throughout the entire course of their marriage. **FATHER** is a farmer in Brazil. **MOTHER** is a social worker in Brazil.

---

[3] The dates of birth of the parties and their child are not set forth in this complaint in

4.2     The parties have one child, **MPA**, born July XX, 2016 in Governador Valadares - MG, Brazil **(Exhibit 7)**.

4.3     **CHILD** is, by virtue of her birth and parentage, a citizen of Brazil.

4.4     **CHILD** has been issued a passport from Brazil **(Exhibit 9)**.

4.5     Up until her wrongful removal, **CHILD** attended school in Brazil **(Exhibit 10)**.

4.6     **CHILD** has received all of her medical care and vaccinations in Brazil **(Exhibit 11)**.

4.7     **MOTHER** left Brazil with the minor child under false pretenses on March 4, 2022. **MOTHER** represented she was taking the **CHILD** to obtain a visa for vacation to Disney World in Florida, USA in the near future. Instead, she traveled by airplane with the **CHILD** from Brazil to Mexico, where she illegally crossed the border into the USA.

4.8     Between the child's birth and November, 2021, **FATHER** and **MOTHER** lived together as a family with **CHILD** in Brazil and exercised joint legal and physical custody of **CHILD**. Thereafter the Parties separated but lived near each other and shared legal and physical custody of **CHILD**. No court action was filed in Brazil prior to **MOTHER**'s wrongful removal of **MPA**.

---

order to comply with applicable Privacy Rules.

4.9   When **MOTHER** traveled by airplane with **CHILD** from Brazil to Mexico, **FATHER** had no idea that **MOTHER** was taking **CHILD** out of the country. **FATHER** believed **MOTHER** was taking **CHILD** to obtain a visa to travel to the USA so **MOTHER** and **CHILD** could visit Disney World in the near future. **MOTHER** failed to consult with **FATHER** or even notify him regarding her removal of the **CHILD** and **FATHER** did not consent to **MOTHER** taking **CHILD** out of the country.

4.10   **FATHER** has frequently attempted contacting **MOTHER** and **CHILD** since removal on March 4, 2022.   **FATHER's** uncle, who lives in Massachusetts, contacted **MOTHER** to see **CHILD,** confirm she was safe and attempt to facilitate **CHILD's** return to **FATHER** in Brazil. **MOTHER** refuses to return **CHILD.** As this is being filed, **FATHER**'s contact with the child is limited to calls. .

4.11   **MOTHER** has violated the Convention and ICARA.

### 5.0   CURRENT CONTROVERSY.

5.1   When **MOTHER** left with the **CHILD** on March 4, 2022, she represented she was traveling to the city to obtain a visa for the **CHILD** to travel with her to Disney World, Florida, USA in the near future. Instead, **MOTHER**

traveled by airplane with **CHILD** from Brazil to Mexico, **FATHER** had no idea that **MOTHER** was taking **CHILD** out of the country. **MOTHER** failed to consult with **FATHER** or even notify him regarding her removal of the **CHILD** and **FATHER** did not consent to **MOTHER** taking **CHILD** out of the country.

5.2 **FATHER** has frequently attempted contacting **MOTHER** and **CHILD** since removal on March 4, 2022. **FATHER's** uncle, who lives in Massachusetts, contacted **MOTHER** to see **CHILD,** confirm she was safe and attempt to facilitate **CHILD's** return to **FATHER** in Brazil. **MOTHER** refuses to return **CHILD.**

5.3 Prior to the removal of the **CHILD** to the United States, **FATHER** and **MOTHER** lived together as Husband and Wife and shared physical and legal custody of the child. In November, 2021 the Parties separated but continued to live in close proximity and exercised legal and physical custody jointly.

5.4 **FATHER** is a farmer in Brazil and is able to financially provide for **CHILD** in Brazil.

5.5 **CHILD** is being wrongfully retained by **MOTHER** in this District. **FATHER** believes **CHILD** is being wrongfully withheld at **MOTHER's** Father's (maternal grandfather's) residence at 53 Washington Street, Apartment 8, Medford, MA 02155-4761.

5.6     **MOTHER** has provided **FATHER** with telephone access to **CHILD** but no longer permits **FATHER's** family any in person visits.

5.7     **MOTHER's** conduct constitutes both a wrongful removal and wrongful retention of **CHILD** in the United States within the meaning of Article 3 of the Convention.

### 6.0     IRREPARABLE HARM.

6.1     **MOTHER's** wrongful retention of **CHILD** from **FATHER** and from Brazil has caused immediate and irreparable harm to both **CHILD** and **FATHER**.

6.2     **MOTHER's** violation of the Convention has attempted to divest the courts of Brazil of their exclusive jurisdiction over issues of **CHILD's** legal and physical custody, to the irreparable harm of **CHILD** and **FATHER**.

6.3     The above described conduct of **MOTHER** continues to cause irreparable harm to both **CHILD** and **FATHER**.

6.4     **MOTHER's** wrongful removal and retention of **CHILD** in this District has improperly interrupted and, in fact cut **FATHER** out of **CHILD'S** life attempting to sever the close and loving relationship between **FATHER** and **CHILD**. In doing so, **MOTHER** also interrupted **CHILD's** schooling in Brazil, causing irreparable harm to **CHILD**. Now, **CHILD** is being retained in Massachusetts where the primary language spoken is English. **CHILD** does not

speak or understand English.

6.5   Further, **MOTHER** placed the child in harm's way, arguably voluntarily placing the **CHILD** in a situation of grave risk of harm, by crossing the desert to enter the USA illegally across the Mexican border. **MOTHER** has placed the child in a precarious situation of being an illegal immigrant in the USA.

6.6   An Order of Notice and a speedy hearing are required to ameliorate the irreparable harm to **CHILD** and **FATHER** and, as well, to comply with the Convention and ICARA.

### 7.0   THE LAW OF BRAZIL RELEVANT TO THIS MATTER.

7.1   In Brazil both **FATHER** and **MOTHER** have legal rights and responsibilities for their child. **MOTHER** did not have a right to unilaterally remove **CHILD** from Brazil without the consent of **FATHER**.

### 8.0   BASIS FOR *EX PARTE* RELIEF.

8.1   **MOTHER** has no permanent ties to Massachusetts. Upon belief, **MOTHER** can up and leave this District and Massachusetts with **CHILD** far more easily than she wrongfully left Brazil and illegally entered into the USA.

8.2   a.   **FATHER** has a fact-based genuine concern and fear that if

**MOTHER** is given advance knowledge of this action, she will act to further remove **CHILD** and take steps to further hide their whereabouts. **MOTHER** has other relatives in the USA, in particular in New Hampshire.

b.   Therefore, **FATHER** seeks *ex parte* orders prohibiting the **CHILD** from being removed from this Commonwealth pending a final determination in this matter.

## 9.0   RELIEF REQUESTED.

**WHEREFORE, FATHER** respectfully requests this Honorable Court:

9.1   Issue an Order prohibiting the **CHILD** from being removed temporarily or permanently from this Commonwealth pending resolution of or further orders in this case.

9.2   Issue an Order of Notice.

9.3   Upon the Return of the Order of Notice to find:

a.   that **MOTHER's** conduct constitutes a wrongful removal and retention of **CHILD** in the United States; and

b.   that, at the time of the wrongful removal and retention, **FATHER** was exercising his custodial, parenting and visitation rights (as defined under Brazilian law) within the meaning of Article 3 of the Convention.

9.4 Upon the Return of the Order of Notice to enter orders:

a. for the immediate return of **CHILD** back to her habitual residence in Brazil at **MOTHER'S** expense;

b. requiring **MOTHER** to immediately deliver custody of the **CHILD** to **FATHER** so that he may escort her back to Brazil;

c. requiring **MOTHER** to immediately deliver **CHILD's** Brazilian passport to the Clerk of this Court and to order that the said Clerk, in turn, deliver said documents to **FATHER** when he arrives from Brazil to bring the **CHILD** home;

d. that the Medford police, Massachusetts Police and Deputy Sheriffs, and any other law enforcement agencies of the Commonwealth of Massachusetts be permitted to serve the summons on **MOTHER** and said documents, pursuant to the orders requested in herein.

e. that **MOTHER** may not apply for any United States passports, or Brazilian passports for **CHILD**; and

f. to provide certified copies of the Order(s) to the US Department of State, Office of Passport Policy and Advisory Services, 1111 19th Street N.W., Suite 260, Washington, D.C. 20522-1705 and to the appropriate Brazilian authorities;

9.5 to hold a prompt hearing on the prayers of this Complaint;

9.6     to order that all matters relating to **CHILD**, including custody, care, control, access, abuse prevention, and visitation be heard in Brazil, pursuant to the applicable provisions of Federal law, including the Hague Convention;

9.7     to restrain **MOTHER** from commencing any court action concerning **CHILD** in any United States court, including restraining her from filing any action in any Massachusetts state court for any reason relating to **CHILD** or **FATHER**;

9.8     to order **MOTHER** to pay **FATHER's** expenses, costs and legal fees as required by ICARA, 42 U.S.C. 11607 (b) (3); and

9.9     to make such further orders as this Honorable Court deems mete and just.

May 4, 2022                                                Respectfully submitted,

                                                       **Hudson de Souza Aredes,**
By his attorneys,

By: *Wendy O. Hickey*
Wendy O. Hickey, BBO #657457
Ana E. Schwarz, BBO #708066
Brick, Jones, McBrien & Hickey LLP
250 First Avenue, Suite 201
Needham, MA 02494
P: (617) 494-1227; fax at 8612
whickey@brickjones.com
aschwarz@brickjones.com

## VERIFICATION

I, **Hudson de Souza Aredes**, state that the facts contained within this complaint are true to the best of my knowledge and belief, and as to those upon belief, I believe them to be true.

Signed under the pains and penalties of perjury this 3rd day of May 2022.

*[signature]*
**Hudson de Souza Aredes**